IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD WINNING,**

      **Plaintiff,**                                    **Civil Action No. 5:11cv112**
                                                              **(Judge Stamp)**

**RICK STILLWELL, JERRY PRITT, and
MARK WATSON,**

      **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On August 10, 2011, the *pro se* plaintiff, now an inmate at Mount Olive Correctional Center in Mount Olive, West Virginia, initiated this case by filing a civil rights action against the above-named defendants. The plaintiff was granted permission to proceed as a pauper on August 11, 2011; although no initial partial filing fee was required of him, he was assessed the full $350 filing fee. On the same day, upon a preliminary review of the file, the undersigned determined that summary dismissal was not appropriate at that time and directed the United States Marshal Service to serve the Complaint.

On September 22, 2011, the defendants filed a Motion to Dismiss, or in the alternative, for Summary Judgment Because the plaintiff is proceeding *pro se*, the Court issued a Roseboro Notice on September 23, 2011.[1] On October 17, 2011, without seeking leave of court, plaintiff filed what was in effect an amended complaint, titled "Jurisdiction and Venue," along with a motion for appointed counsel. By Order entered October 20, 2011, plaintiff's motion for appointed counsel was denied. On October 31, 2011, the defendants filed a Renewed Motion to

---

[1] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a *pro se* plaintiff of his right to file material in response to a motion for summary judgment).

Dismiss, or in the alternative, for Summary Judgment. On November 7, 2011, the Court issued another Roseboro Notice. On November 23, 2011, plaintiff filed a letter motion for appointed counsel, which was denied by Order entered November 28, 2011. As of the date of this report and recommendation, plaintiff has not filed a response to the second Roseboro Notice.

This case is before the undersigned for a report and recommendation on the pending motions.

## II.    Contentions of the Parties

**A.    The Complaint**

In the complaint, the plaintiff alleges that on July 9, 2011, while he was incarcerated at Huttonsville Correctional Center in Huttonsville, West Virginia, he was called to the kitchen office and "he[1] told me to go back to the dorm didn't tell me for how long. So I took July 9 and 10 off also." He alleges that on July 11, 2011, he was called to the kitchen office and was told by defendant Stillwell to come back to work after chow time. At chow time, he alleges that defendant Stillwell called him to the kitchen office and told him he was being fired, because defendant Stillwell had talked to defendants Watson and Pritt, and he was dismissing plaintiff for lying about a lay-in from work. Plaintiff states that the reason he did not come to work on July 9 and 10, 2011 was because he had staph and still has it, and "they want us to work I the kitchen with food and other things with full blowen [sic] staph and other things . . . not matter if its [sic] draining and open as long as it was cover [sic] with bandages."

As relief, he requests his job back with pay from the date he was fired, $1,200 in damages "from the staph where they keep wanting us to work in the kitchen" and maybe have someone come and look at "it" and "check us inmates out and talk to each one of us."

**B.    The Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment**

---
[1] Plaintiff did not explain who "he" is.

In their motion to dismiss, the defendants assert that the plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure for the failure to state a claim for which relief may be granted. In support of that request, the defendants assert that: the defendants are employees of Aramark; they are not management level employees of Aramark, merely front line employees who supervise inmates who work in the kitchen; plaintiff is not and never was an employee of the defendants, because it is the W.Va. Department of Corrections ("WVDOC") who selects the prisoners to work in the kitchen and pays them, not Aramark; and Aramark's contract with the WVDOC clearly states that inmates who work in the kitchen are not employees of Aramark. Therefore, plaintiff cannot state a cause of action against the defendants as a result of any alleged termination of his services. Moreover, plaintiff has no viable or protected interest in having a job while incarcerated in the West Virginia system.

## C. The Plaintiff's Amended Complaint, Titled as "Jurisdiction and Venue"

In his response to the defendants' motion, the plaintiff first asserts defendant Stillwell is "the" kitchen supervisor for Aramark Correctional Services at Huttonsville, and is responsible for the hiring and firing of inmates as kitchen help. He asserts that defendants Pritt and Watson are also kitchen supervisors for Aramark Correctional Services, and that he is suing each defendant individually and in his official capacity. Plaintiff avers that defendant Stillwell hired him to work in the kitchen on June 28, 2011. He asserts that after coming down with "full blown" staph on July 9, 2011, he advised defendants Watson and Pritt that he was infected, and they instructed him to go back to his housing unit, without clearly specifying how long he was to take off. He reiterates that defendant Stillwell fired him on July 11, 2011 for taking both July 9 and 10, 2011 off. He alleges that "[o]n July 7, 2011 [sic]," he initiated the prisoner grievance process at Huttonsville by presenting these facts in an effort to resolve the problem.

Plaintiff denies claiming to be an employee of Aramark or that he falls under the Fair Labor Standards Act. He asserts that the defendants act in a manner consistent with management level employees' duties and that defendant Stillwell is the person who hires and fires inmates at Huttonsville. He avers that Stillwell violated his 14th Amendment rights when he fired him from his kitchen job at Huttonsville, because he deprived him of property without due process, asserting that he only stayed away from his job in an effort to prevent spreading staph to other inmates. He avers that other inmates have done this in the past without incurring any penalty. Further, he alleges that all three defendants violated his 8th Amendment rights by subjecting him to unsanitary food services and inhumane working conditions, creating a serious risk to his health and safety. Moreover, he claims that in doing so, they acted with deliberate indifference. He alleges that the defendants' acts violated "West Virginia Codes §§ 95-2-12; 12.5, 12.6, 12.6a, 95-2-13, 13.1; 13.2.f; 13.10.; 95-2-20; [and] 20.4. [sic]."

The plaintiff asserts that he has exhausted his administrative remedies and has attached copies of those remedies as Exhibits A and B. As Exhibits C and D, he attaches copies of hand-written unattested affidavits from six individuals in support of his claims.

As relief, he requests that the Court enter a judgment against defendants, granting him a declaration that the defendants' actions violated his Constitutional rights; compensatory damages of $1,200 against each defendant, "jointly and severally;" punitive damages in the amount of $1,200 against each defendant; his costs in this suit; and any additional relief the Court deems proper.

**D.  The Defendants' Renewed Motion to Dismiss, or in the Alternative, for Summary Judgment**

In their motion, the defendants assert that in his amended complaint, petitioner admits that at no time did he claim to be an employee of Aramark Correctional Service, but despite that,

4

continues to allege that the defendants violated his rights to work in the prison kitchen by firing him. The defendants reiterate their claim that plaintiff has no viable or protected interest in having a job within the West Virginia prison system. With regard to plaintiff's new claims of deliberate indifference to serious health and safety concerns, the defendants argue that in addition to there being no grounds for these claims, they should be dismissed for failure to exhaust. Finally, the defendants reassert their argument that the plaintiff has failed to state a claim upon which relief can be granted.

### III. Standard of Review

**Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would

5

entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must

avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## IV. Analysis

### A. Defendant Stillwell

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . Thus, to state a claim for relief under

7

> §1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.

42 U.S.C. § 1983.

In his amended complaint, plaintiff names defendant Stillwell in his individual and official capacity as the kitchen supervisor[2] the Huttonsville Correctional Center. Plaintiff's claim that Stillwell's firing him from his job in the kitchen violated his due process rights must fail. A review of the record reveals that defendant Stillwell is an employee of Aramark Correctional Services ("Aramark"), a vendor or private contractor that has contracted with the state of West Virginia to provide food services to state correctional facilities. (Dkt.# 23-1, ¶3.4.4 at 18). Accordingly, plaintiff, during the brief time he was employed in Huttonsville Correctional's kitchen, and despite defendant Stillwell's reply[3] to his July 11, 2001 grievance (Dkt.# 20-1 at 3), was always actually employed by the WVDOC. (Dkt.# 23-1, ¶21 at 14). Although he performed his kitchen duties under Stillwell's supervision, even if plaintiff could prove that Stillwell was actually his employer, he still could not show a due process violation. The weight of the authority is that there is no constitutional right supporting any claim that a prisoner has a right to any job. See Tennant v. Rubenstein, 2011 WL 3812625 (N.D. W.Va. August 26, 2011)(inmate not entitled to bring suit for being "fired" from a prison library job); see also Williams v. Farrior, 334 F.Supp.2d 898 (E.D. Va. 2004)(no due process protection against the threatened loss of a prison job or facility placement for failure to comply with the Inmate Financial Responsibility Program requirements). "The Constitution does not create a property or liberty interest in prison employment and any such interest must be created by state law by language of an unmistakable mandatory character." Newsom v. Norris, 888 F.2d 371,

---

[2] It appears that Stillwell's actual title is Director of Food Services.

[3] "On July 11, 2011, I did fire you."

374 (6th Cir. 1989); See also Gill v. Mooney, 824 F.2d 192 (2nd Cir. 1987)(no constitutional right to a prison job). Prison administrators may assign inmates jobs and wages at their sole discretion. Altizer v. Paderick, 569 F.2d 812 (4th Cir. 1978); Chapman v. Plagement, 417 F.Supp. 906 (W.D. Va. 1976). Because the Constitution and federal law do not create a property right for inmates in a job, likewise, they do not create a property right for inmates to earn wages. Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991); James v. Quinlan, 866 F.2d 627, 629-30 (3rd Cir. 1989); Garza v. Miller, 688 F.2d 480, 485 (7th Cir. 1982). See also, Gill v. Mooney, 824 F.2d 192, 194 (2nd Cir. 1987)(no constitutional right to a prison job); Adams v. James, 784, F.2d 1077, 1079 (11th Cir. 1986)(same); Lyon v. Farrier, 727 F.2d 766, 769 (8th Cir. 1984)(same); Manning v. Lockhart, 623 F.2d536, 538 (8th Cir. 1980); Sigler v. Lowrie, 404 F.2d 659 (8th Cir. 1968); Woodall v. Partilla, 581 F.Supp. 1066 (N.D. Ill. 1984); Anderson v. Hascall, 566 F.Supp. 1492, 1496 (D. Minn. 1983). Accordingly, because plaintiff cannot show that defendant Stillwell violated any right secured by the Constitution or laws of the United States, he has failed to state a claim upon which relief can be granted.

Plaintiff's next claims, made in his amended complaint, that defendant Stillwell violated his 8th and 14th Amendment rights by subjecting him to unsafe or unsanitary and humane work conditions in the kitchen, impliedly asserting that the staph infection on his leg was contracted from working in the kitchen with other similarly-staph-infected inmates, also fails. Although he cites numerous state statutes and case law addressing sanitation and hygiene, he has alleged nothing specific against Stillwell in this regard, nor can these allegations support his highly speculative and unsubstantiated claim insinuation that his alleged exposure to staph in the kitchen was the only possible source of exposure to staph in the prison.

There is no *respondeat superior* liability under § 1983. See Monell v. Department of Social Services, 436 U.S. 658 (1978); see also Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997). Instead, "liability will lie where it is affirmatively shown that the official charges acted personally in the deprivation of the plaintiff's rights." Vinnedge, supra. Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[4]

Because the plaintiff fails to allege any personal involvement on the part of defendant Stillwell beyond his unsubstantiated claims that Stillwell authorized unsanitary practices at the prison kitchen, other than unattested identical but hand-written affidavits from six individuals whom he does not identify, the plaintiff does not make any allegations which reveal the presence of the required elements for supervisory liability, he has failed to state a claim against defendant Stillwell. Further, with regard to these new claims of deliberate indifference in the amended

---

[4] "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

complaint, plaintiff has failed to allege, let alone prove, that he filed any administrative grievance regarding these issues, and these claims should also be dismissed for failure to exhaust.

Accordingly, defendant Stillwell should be dismissed from this action with prejudice.

**B. Defendants Pritt and Watson**

Plaintiff's claims against defendants Pritt and Watson are that they violated his 8th Amendment rights by subjecting him to unsanitary food services and inhumane working conditions, and were deliberately indifferent to the serious risk to his health and safety that these conditions caused., as well as their numerous alleged violations of various West Virginia Code sections prescribing and proscribing sanitation and hygiene practices. Plaintiff's claims against Pritt and Watson fail for the same reasons these allegations failed against defendant Stillwell. Plaintiff has not alleged no facts to show that either Pritt or Watson endangered him in any way; thus he has failed to state a claim against either defendant, and the claims against them should likewise be dismissed with prejudice.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the defendants' Motion to Dismiss or in the Alternative, for Summary Judgment (Dkt.#12) and defendants' Renewed Motion to Dismiss, or in the Alternative, for Summary Judgment (Dkt.# 23), be **GRANTED**, and plaintiff's claim be **DENIED** and **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A

copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to the plaintiff's last known address as shown on the docket, and to counsel of record via electronic means.

DATED: January 31, 2012.

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE