IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD WINNING,

        Plaintiff,

v.                                    Civil Action No. 5:11CV112
                                                          (STAMP)
RICK STILLWELL, JERRY PRITT,
and MARK WATSON,

        Defendants.

            **MEMORANDUM OPINION AND ORDER**
            **AFFIRMING AND ADOPTING REPORT AND**
            **RECOMMENDATION OF MAGISTRATE JUDGE**

                      I.  Background

     The pro se[1] plaintiff, Richard Winning, commenced this civil rights action by filing a complaint alleging that he was wrongfully terminated from his job in the kitchen at Huttonsville Correctional Center.[2] In the complaint, the plaintiff states that he was dismissed from his job because he missed work due to a staph infection. As relief, the petitioner requests that he be re-hired, that he receive back pay from the date he was fired, and that he receive $1,200.00 in damages.

     On September 22, 2011, the defendants filed a motion to dismiss, or in the alternative, for summary judgment in which they argue: (1) the plaintiff's claim must be dismissed as the plaintiff was not an employee of Aramark Correctional Services ("Aramark");

---

     [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

     [2]The petitioner is now an inmate at Mount Olive Correctional Center in Mount Olive, West Virginia.

and (2) the plaintiff has no legitimate expectation of employment that would provide him with protected property or liberty interests in his prison job assignment.

On October 17, 2011, the plaintiff filed an amended complaint titled "Jurisdiction and Venue" in which he reasserts that defendant Rick Stillwell ("Stillwell") hired him to work in the kitchen and subsequently fired him after he missed two days of work due to his staph infection. While the plaintiff admits that he is not an employee of Aramark, he contends that the defendants acted in a manner consistent with management level employees' duties.[3] The plaintiffs avers that Stillwell violated his Fourteenth Amendment due process rights when he fired him from his kitchen job because he deprived him of property without due process. Further, he alleges that all of the defendants violated his Eighth Amendment rights by subjecting him to unsanitary food services and inhumane working conditions and that in doing so, they acted with deliberate indifference.

On October 31, 2011, the defendants filed a renewed motion to dismiss, or in the alternative, renewed motion for summary judgment. In this motion, the defendants repeat their previous arguments and contend that the constitutional violations alleged by the plaintiff in his amended complaint are not supported by the facts as pled.

---

[3] The plaintiff claims that defendant Stillwell is responsible for hiring and firing inmates at the Huttonsville facility.

On January 31, 2012, United States Magistrate Judge James E. Seibert issued a report and recommendation recommending that the defendants' motion to dismiss, or in the alternative, for summary judgment and the defendants' renewed motion to dismiss, or in the alternative, renewed motion for summary judgment be granted. Further, the magistrate judge recommends that the plaintiff's complaint be denied and dismissed with prejudice for failure to state a claim upon which relief can be granted. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The parties filed no objections. For the reasons set forth below, this Court affirms and adopts the report and recommendation of the magistrate judge.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed in this

3

case, this Court reviews the report and recommendation of the magistrate judge for clear error.

III. Discussion

A. Defendant Rick Stillwell

In the report and recommendation, the magistrate judge first discusses the plaintiff's claims against defendant Stillwell, the kitchen supervisor at the Huttonsville Correctional Center. As the magistrate judge explains, Stillwell is an employee of Aramark, a vendor or private contractor that has contracted with the state of West Virginia to provide food services to state correctional facilities. Thus, although the plaintiff performed his kitchen duties under the supervision of Stillwell, he was actually employed by the West Virginia Department of Corrections ("WVDOC"). This Court agrees that even if the plaintiff could prove that Stillwell was actually his employer, he still could not show a due process violation because there is no constitutional right supporting any claim that a prisoner has a right to any job. See Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir. 1978) ("[T]he classifications and work assignments of prisoners . . . are matters of prison administration, within the discretion of the prison administrators."); Mears v. Adams, No. 2:08cv115, 2011 WL 2457657 (N.D. W. Va. June 16, 2011) ("A plaintiff has no constitutional right to a job while incarcerated because a federal prisoner has no property or liberty interest to a job in prison."). Therefore, because the plaintiff cannot show that defendant Stillwell violated

any constitutional right, he has failed to state a claim upon which relief can be granted.

Next, the magistrate judge addresses the plaintiff's claims that defendant Stillwell violated his Eighth and Fourteenth Amendment rights by subjecting him to unsafe or unsanitary and inhumane work conditions in the kitchen. Ultimately, the magistrate judge concludes that because the plaintiff fails to allege any personal involvement on the part of Stillwell, beyond his unsubstantiated claims that Stillwell authorized unsanitary practices in the prison kitchen, the plaintiff does not make any allegations that reveal the presence of the required elements for supervisory liability. This Court agrees. As the magistrate judge explained, there is no respondeat superior liability under § 1983. Baker v. Lyles, 904 F.2d 925, 929 (4th Cir. 1990) ("The doctrine of respondeat superior generally does not apply to § 1983 suits."). The Fourth Circuit has held that there are three elements necessary to establish supervisory liability under § 1983:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).  In this case, the plaintiff has failed to prove these elements.[4]  Thus, he has failed to state a claim for supervisory liability against defendant Stillwell.

B.   Defendants Jerry Pritt and Mark Watson

Lastly, the magistrate judge addresses the plaintiff's claims against defendants Jerry Pritt ("Pritt") and Mark Watson ("Watson"), concluding that the plaintiff has alleged no facts to show that either Pritt or Watson endangered him in any way.  Although the plaintiff contends that Pritt and Watson violated his Eighth Amendment rights by subjecting him to unsanitary conditions and were deliberately indifferent to the serious risk to his health and safety that these conditions caused, the plaintiff's claims against these defendants fail for the same reasons that these allegations failed against defendant Stillwell.  This Court finds no clear error in the holding of the magistrate judge that the claims against these defendants must be dismissed with prejudice.

---

[4]Attached to the plaintiff's amended complaint are unattested, identical, hand-written affidavits from six unidentified individuals.  These individuals claim to have witnessed Aramark employees firing inmates from the prison kitchen because of health issues.  This Court agrees with the magistrate judge that these affidavits do not support the plaintiff's claims for supervisory liability against the defendants.

IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons set forth above, the defendants' motion to dismiss, or in the alternative, for summary judgment (ECF No. 12) is GRANTED; the defendants' renewed motion to dismiss, or in the alternative, renewed motion for summary judgment (ECF No. 23) is GRANTED; and the plaintiff's claim is DENIED and DISMISSED WITH PREJUDICE.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights.  Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil

7

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   February 23, 2012

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE